**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Marleny Salazar Brito,

Plaintiff,

v.

Wells Fargo Banks, N.A.,

Defendant.

Case No. 2:26-1080-RMG

**ORDER AND OPINION**

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 19) recommending Defendant's motion to compel arbitration (Dkt. No. 12) be granted and this action stayed pending arbitration. Plaintiff filed objections to the R&R to which Defendant filed a reply. (Dkt. Nos. 21, 22). For the reasons stated below, the Court adopts the R&R as the order of the Court, grants Defendant's motion to compel arbitration, and stays this matter pending arbitration.

## I. Background

Plaintiff worked for Defendant and sued for violation of Title VII and the Family Medical Leave Act. Defendant moved to compel arbitration. (Dkt. No. 12). Defendant filed a copy of the Arbitration Agreement bearing Plaintiff's e-signature along with a copy of Plaintiff's signed offer of employment. (Dkt. No. 12-1 at 2); (Dkt. No. 12-2 at 3) (noting arbitration agreement's existence—"All new hires are required to complete an Arbitration Agreement in which you and Well Fargo mutually agree to final and binding arbitration of your employment disputes when they cannot be resolved internally"). Defendant also filed a declaration from Erika Wallace, Lead Employee Relations Consultant for Consumer Banking & Lending, an employee of Defendant.

(Dkt. No. 14-1). The affidavit describes the onboarding process in detail and notes that Plaintiff signed the arbitration agreement on January 24, 2024, at 4:35:46 P.M. (*Id.* at 1-3). In opposition to Defendant's motion, Plaintiff stated that she does "not recall knowingly reviewing or agreeing" to the arbitration agreement. (Dkt. No. 13 at 1).

On October 7, 2026, the Magistrate Judge issued an R&R recommending that Defendant's motion to compel arbitration be granted. (Dkt. No. 19). Plaintiff filed objections to the R&R to which Defendant filed a reply. (Dkt. Nos. 21, 22).

Defendant's motion is ripe for disposition.

## II. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Motion to Compel Arbitration under the FAA

Once a litigant moves to compel arbitration under the FAA, 9 U.S.C. §§ 1 *et seq.*, the district court determines whether a matter should be resolved through arbitration depending on (1) whether a valid arbitration agreement exist and (2) whether the dispute falls within the substantive scope of the arbitration agreement. *AT&T Tech. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643,

651 (1986). The Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration." *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 266 (4th Cir. 2011).

"Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997). Section 4 of the FAA requires the district court to "decide whether the parties have formed an agreement to arbitrate." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 n.9 (2019). The question of whether an arbitration agreement has been formed is one of contract law, and ordinary state law principles apply. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When a party "unequivocally denies 'that an arbitration agreement exists,' " that party bears the burden of coming forward with "sufficient facts" to support her position. *Berkeley Cnty. Sch. Dist.*, 944 F.3d at 234. The standard to decide whether the party has presented "sufficient facts" is "akin to the burden on summary judgment," and the court may consider matters outside the pleadings. *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015). The trial provision of Section 4 is invoked only where "the record reveals a genuine dispute of material fact 'regarding the existence of an agreement to arbitrate.' " *Berkley Cnty. Sch. Dist.*, 944 F.3d at 234. Where there is no genuine dispute of material fact an agreement exists, the court will compel arbitration.

## III. Discussion

After a careful review of the record and the R&R, and a de novo review of those parts to which Plaintiff objected, the Court finds that the Magistrate Judge ably determined that Defendant's motion to compel arbitration should be granted. Namely, the R&R correctly determined that Plaintiff's bare statement that she did not recall signing the arbitration agreement cannot create a genuine issue of material fact defeating Defendant's motion. The Court recently

rejected identical arguments in *Mays v. Belk, Inc.*, No. 2:26-1400-RMG, 2026 WL 2582813, at *2 (D.S.C. Sept. 1, 2026).

Plaintiff filed numerous objections to the R&R, but none are convincing. First, Plaintiff objects to the R&R's "characterization of Plaintiff's position as merely a failure to remember signing." (Dkt. No. 21 at 1, 4) (noting in part that Plaintiff "was not from the United States and was unfamiliar with employment arbitration"). Plaintiff says her position is that "she did not see an arbitration agreement being presented to her during onboarding." (*Id.* at 2).

The Court overrules this objection. Plaintiff's argument amounts to wordsmithing. *See* (Dkt. No. 17-1 at 1) (Plaintiff affidavit stating, "To the best of my recollection, I do not remember that I knowingly and voluntarily agreed to waive my right to bring employment-related claims before a court."). Plaintiff's basic argument is indeed that she does not recall signing an arbitration agreement, and that this lack of memory creates a dispute of material fact. The Court rejected this same argument in *Mays* and before that in *Palmer*.

In *Palmer v. Johns Island Post Acute, LLC*, No. 2:22-CV-3432-RMG, 2023 WL 4117366, (D.S.C. June 22, 2023), this Court granted the defendant's motion to compel arbitration. In response to detailed evidence that the plaintiff had electronically signed an arbitration agreement, the plaintiff submitted an affidavit stating he refused to and did not sign the arbitration agreement. *Id.* at *2. The Court found that plaintiff's affidavit was "not sufficient to create a dispute of material fact." *Id.* at *3. The Court highlighted that Plaintiff had not offered "any corroborating evidence . . . [or] support[ed] his allegations with any other specific evidence." *Id.* The Court concluded that, "A party's self-serving statement cannot by itself defeat summary a motion to compel arbitration." *Id.* (citing *Snow v. Genesis Eldercare Rehabilitation Servs., LLC*, 2023 WL 371085, at *3 (D.S.C. Jan. 24, 2023)); *see also CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658 (4th Cir. 2020) ("A party's

self-serving opinion ... cannot, absent objective corroboration, defeat summary judgment."); *see also Zafari v. KBR Wyle Servs., LLC*, No. CV JKB-25-02214, 2026 WL 1893791, (D. Md. July 1, 2026) (granting motion to compel arbitration where defendant documented process showing plaintiff signed agreement and plaintiff asserted "she does not recall executing the Agreement"—noting defendant's "overwhelming evidence that Plaintiff did indeed click on and agree to the Agreement" and concluding that "Plaintiff's assertion that she does not recall agreeing to an arbitration agreement does not carry the day").

For the reasons stated above, Plaintiff's first objection is overruled.

Plaintiff's next objection is closely related. Plaintiff objects that the R&R erroneously credited Wallace's description of the onboarding process. (Dkt. No. 21 at 2). But Plaintiff presents no evidence of her own to dispute Wallace's account. (*Id.*) (merely stating, without citation to any evidence, that "Plaintiff disputes that the process she experienced presented an arbitration agreement to her as described"); (*Id.* at 3) ("[Plaintiff's] challenge concerns what the evidence established about presentation and acceptance of the arbitration agreement). Accordingly, the Court likewise overrules this objection.

Last, Plaintiff asks that the Court vacate the R&R and allow her to supplement the record with "a declaration and actual onboarding communications supporting her account." (Dkt. No. 21 at 3). Plaintiff also requests discovery related to Wallace's affidavit and the arbitration agreement. (*Id.*). The Court overrules this objection. In response to Defendant's motion to arbitrate, Plaintiff filed an opposition, a sur-reply, and the objections to the R&R discussed herein. Defendants have further filed on the docket the arbitration agreement bearing Plaintiff's electronic signature and her signed offer of employment. In sum, no genuine dispute of material fact exists here, and discovery is not warranted.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 19) as the Order of the Court, **grants** Defendant's motion to arbitration (Dkt. No. 12), and stays this action pending arbitration. Parties are directed to file a joint status report every four months and to notify the Court of the completion of arbitration.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 6, 2026
Charleston, South Carolina